UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

GWENYTH JONES, ANDREW LIENOFF,       :
MARY COBB, R.D. ENO, GERSON          :
KATZ, KELLY KNOWLTON, LORINDA        :
KNOWLTON, DALE NEWTON, JANET         :
NEWTON, DIANE K. HULING REED,        :
SHARI STAHL, STEVE STAHL, DALE       :
TETREAULT and MICHELLE TETREAULT,    :
                                     :
            Appellants,              : File No. 1:08-CV-196
                                     :
      v.                             :
                                     :
RCC ATLANTIC, INC.                   :
and MARY SOUSA,                      :
                                     :
            Appellees.               :
_____:

RULING ON APPELLANTS' MOTION TO
REMAND AND APPELLEES' MOTION TO DISMISS
(Papers 11, 13)

I.  Introduction

Appellant property owners move to remand their case against Appellees RCC Atlantic, Inc. and Mary Sousa to the Vermont Environmental Court.  (Paper 11.)  The dispute stems from the Cabot Zoning Board of Appeals' (ZBA) issuance of a permit for the installation of a telecommunications facility on Sousa's property in Cabot.  Appellants argue the ZBA should have applied the variance criteria of 24 Vt. Stat. Ann. § 4469 and, notwithstanding that omission, the ZBA's de minimis determination under 24 Vt. Stat. Ann. § 4412(9) was erroneous.  Appellees removed the case to federal court arguing that Appellants' claims are completely preempted by the Federal Communications Act of

1

1934, as amended by the Telecommunications Act of 1996 (TCA), specifically 47 U.S.C. § 332(c)(7), and the National Environmental Policy Act (NEPA), as fleshed out in 36 C.F.R. Part 800.[1]  (Paper 1.)  Appellees move to dismiss questions one and two of Appellants' Statement of Questions.  (Paper 13.)  The initial issue is whether federal jurisdiction exists.

II. Background

On July 2, 2008, after three meetings and public comment, the Cabot ZBA made a de minimis determination and issued Appellants a conditional use permit to install wireless antennas on an existing silo on the Sousa farm.  The location of the site is in violation of the 1500-foot setback requirement of Cabot Zoning Regulation section 5.7(M)(2).  The ZBA considered whether the variance criteria of 24 V.S.A. § 4469 applied and concluded that 24 Vt. Stat. Ann. § 4412(9) applied in the first instance so that the ZBA was required to determine whether the project would have a de minimis impact on any criteria established in the regulations.  The de minimis analysis required determining the impact on the surrounding area and the overall pattern of land development.  The ZBA determined the facility would have a "de minimis impact on the surrounding area" and "no discernable

---

[1] Appellees do not elaborate on the alleged NEPA preemption.

impact on land development patterns in Cabot." (Paper 12, Exh. G (ZBA Decision), at 3.)

A group of nearby landowners appealed the decision to the Vermont Environmental Court by filing a Statement of Questions with ten issues for the court to consider. Chiefly, Appellants contend violations of the zoning regulations require the project be reviewed pursuant to applicable variance criteria and the de minimis determination was erroneous because the project does not comply with the zoning regulations. Appellees removed the appeal to this Court arguing Appellants' claims are completely preempted by federal law because they are based on alleged health effects of radiofrequency (RF) emissions and on concerns regarding potential radiofrequency interference.[2] Under 28 U.S.C. § 1447(c), Appellants move to remand the case to the Environmental Court arguing there is no federal question involved in the appeal and therefore the case must be remanded.[3]

---

[2] "No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C. § 332(c)(7)(b)(iv).

[3] Under 28 U.S.C. § 1447(c), an action removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

III. <u>Discussion</u>

    A.   <u>Federal Jurisdiction</u>

"Federal district courts are 'courts of limited jurisdiction' whose powers are confined to statutorily and constitutionally granted authority." <u>Blockbuster, Inc. v. Galeno</u>, 472 F.3d 53, 56 (2d Cir. 2006) (internal citations omitted). Federal courts have original jurisdiction over cases which pose a federal question. 28 U.S.C. § 1331. The Supreme Court has cautioned that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>City of Rome v. Verizon Commc'ns Inc.</u>, 362 F.3d 168, 176 (2d Cir. 2004) (quoting <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 813 (1986)). Further, a federal defense is not a sufficient basis for federal jurisdiction. <u>Id.</u> at 174 (internal citation omitted).

An administrative ruling may be appealed to state court and that appeal may be removed to federal court if the "complaint to the state court presents a well-pleaded claim arising under federal law." <u>Freeman v. Burlington Broadcasters, Inc.</u>, 204 F.3d 311, 316 (2d Cir. 2000) (internal citation omitted). That the appeal is to a state environmental court and the "complaint" is a "statement of questions" setting forth issues rather than stating a cause of action makes no difference. <u>Id.</u> at 317. Such a removal is permitted under 28 U.S.C. § 1441(b). However, the

removal statute is to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and all doubts are to be resolved in favor of remand. Casella Waste Sys., Inc. v. GR Tech., Inc., No. 1:07-cv-150, 2008 WL 148996, at *2 (D. Vt. Jan. 11, 2008) (citing Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)). Not surprisingly, the removing party bears the burden of showing the propriety of removal. Blockbuster, Inc., 472 F.3d at 55.

If, however, a pleading does not present a claim arising under federal law on its face, federal jurisdiction may still exist where the claim necessarily arises under federal law regardless of how the claim has been pleaded. Freeman, 204 F.3d at 317. This possibility occurs where the doctrine of complete preemption applies. The preemption exception to the well-pleaded complaint rule applies only where a federal statute wholly displaces the state-law cause of action. City of Rome, 362 F.3d at 176 (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)). The Supreme Court has set out a two-step inquiry: Appellees must establish that 47 U.S.C. § 332 preempts common law or state remedies and, notwithstanding the absence of a specific removal provision, Congress intended § 332 to provide an exclusive cause of action. Id. at 177 (citing Beneficial Nat'l Bank, 539 U.S. at 9). The Supreme Court has narrowly interpreted the complete preemption doctrine, finding Congress intended to

5

accomplish complete preemption in only three federal statutes: the Labor-Management Relations Act,[4] the Employee Retirement Income Security Act,[5] and the National Bank Act.[6]

B.  Analysis

Appellants' Statement of Questions contains no mention of any federal law.  Therefore, the well-pleaded complaint rule does not apply and the Court must ascertain whether the exception to the rule for federal preemption lies.  The role that § 332 has played in this action is primarily that of a defense against Appellants' challenge to the Cabot ZBA's award of a conditional use permit to Appellees.  Appellees argue, "notwithstanding that the Statement of Questions contains no mention of Rf emissions or Rf interference," Appellants' issues are improperly based on the environmental effects of RF emissions and are therefore preempted.  This is a classic example of a defendant attempting to cull a federal issue out of a complaint devoid of a federal cause of action on its face.  Appellees may not simply claim that Appellants' arguments are really based on RF emissions and

---

[4]   Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968).

[5]   Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

[6]   Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003).

interference and are therefore forestalled by the TCA to entitle themselves to remove this case to federal court.[7]

There is a "strong presumption" that state courts have concurrent jurisdiction to adjudicate claims arising under federal statutes. City of Rome, 362 F.3d at 179 (quoting Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 823 (1990)). "The 'presumptive competence' of state courts to hear cases arising under a federal statute may only be overcome by language in the statute affirmatively divesting the state courts of jurisdiction." City of Rome, 362 F.3d at 179 (internal quotation and citation omitted). Congress did not evince an intent to divest state courts of jurisdiction under § 332: specifically, § 332 provides for "an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v) (emphasis added). Section 332 also provides that a person affected by an act or failure to act that is inconsistent with clause (iv), i.e., the clause prohibiting state or local governments from regulating personal wireless service facilities on the basis of the environmental effects of RF emissions if the facilities comply

---

[7] Further, "express preemption statutory provisions should be given a narrow interpretation." Sprint Telephony PCS, L.P. v. County of San Diego, 543 F.3d 571, 578 (9th Cir. 2008) (internal citation and quotation omitted). Even if Appellants' contention is credited, it is not a foregone conclusion that § 332(c)(7)(B)(iv) would come into play in a case in which the local government body issued a permit for the telecommunications facility and the decision is challenged on the basis of state law.

with FCC regulations, "may petition the Commission for relief." Id. (emphasis added). Moreover, there is a savings clause included in the Federal Communications Act, as amended by the TCA, codified at 47 U.S.C. § 414, providing "[n]othing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." 47 U.S.C. § 414 (emphasis added). In light of the foregoing, this Court finds Congress did not divest state courts of jurisdiction or intend that § 332 provide an exclusive remedy.

Appellees rely heavily on the Second Circuit's decision in Freeman, 204 F.3d 311. The Freeman court noted, in dicta: "It is arguable, however, that the complete preemption defense applies to state law claims that concern technical aspects of electronic transmissions . . ." Id. at 317. Because it is not clear here that Appellants' state claims do concern the "technical aspects of electronic transmissions," this Court declines to extend Freeman by accepting Appellees' construction of Appellants' claims. If it becomes clear that they do, Appellees will have the defense of ordinary preemption[8] which the state court may address. Should the Court mistakenly assert

---

[8] Ordinary preemption is a broader doctrine that operates to dismiss state claims on the merits and may be invoked in either federal or state court. BLAB T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc., 182 F.3d 851, 854-55 (11th Cir. 1999).

jurisdiction over this case, on appeal the circuit court would vacate any judgment of this Court and remand the case with instructions to remand it to state court.  See City of Rome, 362 F.3d at 183 (vacating district court judgment and ordering remand to state court because subject matter jurisdiction was absent).

Under Beneficial National Bank, the doctrine of complete preemption applies only when Congress has clearly manifested an intent that federal law provide the exclusive remedy for the cause of action.  Appellees RCC Atlantic and Ms. Sousa have failed to demonstrate the TCA contains, in either its language or its legislative history, any such manifestation of Congressional intent.  Absent complete preemption, the artful pleading doctrine provides no basis for federal subject matter jurisdiction over Appellants' claims.  It cannot be used to circumvent the well-established rule that a preemption defense, such as the RF emission and interference argument mounted by Appellees here, does not justify removal.

Accordingly, the Court GRANTS Appellants' motion for remand (Paper 11) because it is without subject matter jurisdiction over this controversy.  Appellees' motion to dismiss (Paper 13) is DENIED as moot.  Appellants' request for costs and attorney's fees is DENIED given the complexity of the law in this area and the Court's discretion under 28 U.S.C. § 1447(c).  Guglielmo v.

Worldcom, Inc., No. Civ. C-00-160-B, 2000 WL 1507426, at *6 (D. N.H. July 27, 2000); Heichman v. Am. Tel. & Tel. Co., 943 F. Supp. 1212, 1222 (C.D. Cal. 1995) (rejecting such requests). This matter is REMANDED to the Vermont Environmental Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of January, 2009.

                                       /s/ J. Garvan Murtha
                                       Honorable J. Garvan Murtha
                                       United States District Judge